IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY JEROME McCLURE,

      Petitioner,

v.                                                                               Civil action no. 2:08cv86
                                                                             Criminal action no. 2:02cr27
                                                                             (Judge Maxwell)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 18, 2008, the *pro se* petitioner, an inmate now incarcerated at the Federal Correction Institution in Petersburg, Virginia, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody,[1] alleging that his sentence exceeds the maximum sentence of conviction, pursuant to a recent clarifying amendment, Amendment 707 to Chapter 3, Pt. D of the U.S. Federal Sentencing Guidelines. This case, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15 is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On October 16, 2002, the Grand Jury returned an eleven-count indictment against petitioner. On December 18, 2002, petitioner signed a plea agreement[2] in which he agreed to plead guilty to

---

[1] (Doc. 47).

[2] (Doc. 11).

Count Two of the Indictment, charging him with interstate travel in aid of a drug trafficking offense; Count Five of the Indictment, charging him with use of a telephone on February 26, 2002 to facilitate a drug conspiracy; and Count Six of the Indictment, charging him the use of a telephone on February 27, 2002, to facilitate a drug conspiracy. In the plea agreement, the parties stipulated to total drug relevant conduct of at least 1.5 kilograms but less than 5 kilograms of a substance containing a detectable amount of methamphetamine. Petitioner also waived his right to appeal and to collaterally attack his sentence, including waiving the right to file a motion brought pursuant to 28 U.S.C. §2255. On February 6, 2003, petitioner entered his plea in open court, and on February 9, 2004, the Court sentenced him to 156 months of imprisonment.

**B. Appeal**

The prisoner did not file an appeal of his conviction.

**C. Federal Habeas Corpus**

Petitioner filed his first Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255, along with a Memorandum in Support, on March 18, 2005,[3] asserting three grounds for relief: ineffective assistance of counsel; improper application of sentencing guidelines for Counts 5 and 6 entitling him to concurrent, rather than consecutive sentences; and apparently in the alternative, that all the counts he pled to were part of the same course of conduct and therefore should have been grouped together for sentencing purposes, giving him a 60-months sentence, rather than the 156-months sentence he received. That motion was deemed untimely by Magistrate Judge John S. Kaull, and by his Order entered on April 5, 2005,[4]

---

[3] (Doc. 32 and 33).

[4] (Doc. 36).

petitioner was given 30 days in which to demonstrate that he was entitled to have the statute of limitations equitably tolled and/or that his § 2255 was timely filed.

On April 21, 2005, petitioner filed his "Motion in Response to Magistrate's Order."[5] After reviewing it, Magistrate Judge Kaull issued an October 24, 2006 Report and Recommendation[6] recommending that petitioner's §2255 motion be denied with prejudice as untimely and that his Motion for Equitable tolling[7] be denied as well.

On November 20, 2006, an unsigned rough draft of petitioner's Objection to Magistrate's Report and Recommendations[8] was filed, along with a letter dated November 15, 2006 from another inmate at F.C.I. Edgefield, South Carolina who had been drafting it on petitioner's behalf, advising that petitioner had been transferred to U.S.P. Bennettsville, South Carolina. The final signed copy of petitioner's Objection to Magistrate's Report and Recommendations was finally filed with the court on December 20, 2006.[9]

The Court accepted Magistrate Judge Kaull's October 24, 2006 Report and Recommendation by Order[10] entered March 5, 2008, and consistent with its recommendation, denied petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody as untimely, and dismissed the habeas corpus action with prejudice.

---

[5] (Doc. 37).

[6] (Doc. 38).

[7] Petitioner's argument for the equitable tolling of the statute of limitations for his § 2255 motion was contained within his Motion in Response to Magistrate's Order (Docket # 37).

[8] (Doc. 39).

[9] (Doc. 40).

[10] (Doc. 42).

On April 24, 2008, petitioner filed a Motion for Reconsideration of the Denial of Defendant's Section 28 U.S.C. 2255 Petition Pursuant to Federal Rule Civil Procedure 59(e).[11] That motion was also reviewed and denied by Order[12] of U.S. District Court Judge Robert E. Maxwell on June 16, 2008.

On August 18, 2008, petitioner filed this present and second Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255,[13] asserting the following three claims as one ground for relief, the first two of which were previously presented in his first § 2255 motion:

1. The three counts to which petitioner pled guilty were all 'so closely related' that their sentences should have run concurrently, not consecutively, giving him a total of 60 months imprisonment (for Count Two, which carries the highest maximum sentence) rather than the 156 months sentence he received.

2. Although not specifically stated so in his petition, but apparently intended in the alternative, petitioner asserts that Counts Five and Six, since they were the same offense repeated on different days, they were therefore "identical," and thus their sentences should be concurrent, giving him a total concurrent sentence of 48 months for those two counts, rather than the 90 [sic] he received, reducing his total sentence to 108 months.

3. Pursuant to what apparently was a November 1, 2007 Amendment to the U.S. Sentencing Guidelines (Amendment 707) that added 'clarifying' language to the Introductory Commentary of

---

[11] (Doc. 43).

[12] (Doc. 45).

[13] (Doc. 46)

4

U.S. Sentencing Guidelines Chapter Three, Part D, and to §3D1.1 (Procedure for Determining Offense Level on Multiple Counts), his February 9, 2004 sentence should be retroactively vacated or reduced to correct the 'misapplication' of the sentencing guidelines.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket because it is, even more than his first §2255 motion, clearly untimely. Further, it is a second and successive motion for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

### III. ANALYSIS

**A.  Statute of limitations for filing a 28 USC §2255 Motion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of f1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[14]

The limitation period shall run from the last of:

1.  The date on which the judgment of conviction becomes final;

2.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[14] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998).

applicable to cases on collateral review;[15] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In his Memorandum in Support of his present (second) §2255 motion, petitioner offers as an explanation as to why the one-year statute of limitations for filing a §2255 motion should not bar his motion: "This petition...is predicated on an amended clarifying amendment [sic] to the U.S.S.G. [707]. Therefore, it may be applied retroactive in the instant 2255."

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if upon disposition of a direct appeal, a federal prisoner files a writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. *See* Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not timely file a certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, or ninety days after the entry of the judgment on direct appeal. *See* Clay v. United States, 537 U.S. 522, 532 (2003). Here, neither exception applies because the petitioner did not file a direct appeal of his conviction.

---

[15] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478 (2005).

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. See Fed R. Ap. P. 4(b)(1)(A)(I), (6). Therefore, petitioner's conviction became final on February 19, 2004, the date his time to file a direct appeal expired. Accordingly, he had until February 21, 2005 to file his habeas corpus petition under AEDPA. Because he did not file this present §2255 motion until August 18, 2008, it is even more untimely than his previous §2255 motion.

**B.      Second and Successive §2255 Motions Prohibited**

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Although petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. *See* Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); *see also* United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL

2020042 (6th Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[16] Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." *See* United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's repetitive claims, the undersigned recommends that petitioner's §2255 motion be denied with prejudice as untimely, and also for lack of jurisdiction.

## IV.  RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** petitioner's motion, dismissing the case from the docket as untimely and also for lack of jurisdiction as a second or successive motion for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the

---

[16] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also e submitted to the Honorable Judge Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert denied,* 467 U.S. 1208 (1984). The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

Dated: July 2, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE